[Cite as *Springer v. Ohio Dept. of Transp., Dist. 1*, 2011-Ohio-2128.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLEN SPRINGER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 1

     Defendant

Case No. 2010-08497-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Glen Springer, filed this action against defendant, Department of Transportation (ODOT), contending his 2006 Harley Davidson XL883R motorcycle was substantially damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on an overpass bridge spanning Interstate 75 in Hancock County. Specifically, plaintiff explained his motorcycle was damaged when the vehicle "hit a pothole on the deck of (County Road 95 West) I-75 overpass." In his complaint, plaintiff advised his described damage incident occurred on May 19, 2010 at approximately 8:40 p.m. Evidence has shown the incident occurred on May 18, 2010. Plaintiff requested damages in the amount of $2,200.00. Plaintiff did not submit any documentation to support his damage claim. The filing fee was paid. Defendant submitted documentation, an e-mail from plaintiff showing he reported the pothole to ODOT on June 11, 2010. In the body of this e-mail, plaintiff noted the pothole was first reported the day after his incident and the defect was patched by ODOT personnel that same day. Also in this e-mail, plaintiff advised the cost of replacement parts for his damaged motorcycle would total $2,496.00. Defendant submitted a copy of a repair

order for plaintiff's motorcycle dated August 11, 2010 showing a total repair cost of $2,015.50.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's May 19, 2010 described occurrence. Defendant located the particular pothole "at county milepost 18.59 or state milepost 160.11 (on CR 95 over I-75) in Hancock County." Defendant noted that ODOT records show no reports of a pothole at the location indicated prior to plaintiff's damage event despite the fact "[t]his section of roadway had an average daily traffic count between 33,000 to 50,530 vehicles." Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant contended that plaintiff failed to produce any evidence to establish the length of time the pothole at milepost 18.59 on County Road 95 over Interstate 75 existed prior to his May 18, 2010 damage occurrence.

**{¶ 3}** Furthermore, defendant contended that plaintiff failed to offer evidence to prove that ODOT negligently maintained the roadway. Defendant asserted that plaintiff has not shown his property damage was attributable to conduct on the part of ODOT personnel. Defendant explained that the ODOT "Hancock County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered at county mileposts 18.59 on County Road 95 over Interstate 75 the last time that particular section of roadway was inspected prior to May 18, 2010. The claim file is devoid of any inspection record. Defendant asserted that ODOT "did not receive any complaints or otherwise have notice of the subject condition prior to" the time in question. Defendant argued that plaintiff failed to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that eight (8) pothole patching operations were conducted in the general vicinity of plaintiff's incident." The last time pothole patching operations were conducted before May 18, 2010 was that same day. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a

preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.*

(Feb. 4, 1993), Franklin App. 92AP-1183.  In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8}  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.  No evidence was presented to establish the time that the particular pothole was present.  Size of the defect (pothole) is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  Plaintiff has failed to prove that defendant had constructive notice of the pothole.

{¶ 9}  Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions, including the date of plaintiff's incident, does not prove negligent maintenance of the roadway on the part of ODOT.  Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLEN SPRINGER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 1

     Defendant

Case No. 2010-08497-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                _____

                                DANIEL R. BORCHERT
                                Deputy Clerk

Entry cc:

Glen Springer                       Jerry Wray, Director
1628 Bayhole Drive            Department of Transportation
Findlay, Ohio  45840          1980 West Broad Street
                                Columbus, Ohio  43223

RDK/laa
1/26
Filed 2/16/11
Sent to S.C. reporter 4/29/11